Filed 12/4/13  In re Dominik L. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| In re DOMINIK L., et al., Persons Coming Under the Juvenile Court Law. | B246077 |
| | (Los Angeles County Super. Ct. No. CK70363) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent.<br><br>v.<br><br>MICHELLE M., et al.,<br><br>     Defendants and Appellants. | |

THE COURT:*

Appellants Michelle M. (mother) and Gregg L. (father) appeal from the juvenile court's order terminating parental rights over their children Dominik (born May 2006) and Sebastian (born May 2009).  Both parents also appeal the denial of their respective petitions under Welfare and Institutions Code section 388,**1** seeking, in mother's case,

---

**1**     All further statutory references are to the Welfare and Institutions Code.

*ASHMANN-GERST, Acting P.J., CHAVEZ, J., FERNS, J.†

†Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

return of the children to her custody, and in father's case, reinstatement of family reunification services. We dismiss both parents' appeals.

## BACKGROUND

**Detention and section 300 petition**

On October 26, 2011, the Los Angeles Department of Children and Family Services (the Department) filed a petition pursuant to section 300, subdivisions (a) and (b), on behalf Dominik and Sebastian after father was arrested for hitting mother on the head with a bottle of vodka and choking her in the presence of the children. The children were detained with a paternal aunt.

The family's history with the Department included a sustained section 300 petition on behalf of Dominik in 2008 as the result of domestic violence between the parents and father's substance abuse. Father had failed to comply with his case plan, and on July 16, 2009, the juvenile court terminated its jurisdiction and issued a family law custody order giving mother primary physical custody of the children and joint legal custody to both parents.

Both parents had a criminal history. Mother had been arrested in 2004 for possession of a controlled substance and received diversion.[2] Father had a 1998 conviction for vandalism, a 2000 conviction for tampering with a vehicle and theft, a 2001 conviction for assault with a deadly weapon, and convictions in 2003 and 2006 for spousal injury.

**Jurisdiction and disposition**

The juvenile court found father to be the children's presumed father at a hearing held on November 21, 2011. At the December 7, 2011 adjudication hearing, the juvenile court sustained the section 300 petition, finding that both parents abused alcohol and had a history of engaging in violent altercations, and that on October 23, 2011, father had

---

[2]    Under the diversion program, eligible defendants charged with enumerated drug offenses including possession of a controlled substance could enter a guilty plea, participate in a drug rehabilitation program, and upon completion of the program, have the charges dismissed. (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 687, fn. 7.)

struck mother on the head with a bottle of vodka, choked mother, and threatened to kill her, all in the presence of the children. The juvenile court accorded both parents separate monitored visits and ordered them to attend a domestic violence counseling program, parent education, individual counseling, and drug and alcohol rehabilitation with random drug testing.

Mother and father timely appealed the juvenile court's jurisdictional and dispositional findings and orders, which this court affirmed in a nonpublished opinion. (*In re D.L.* (Feb. 17, 2009, B207185).)

**Review proceedings**

At the time of the June 2012 six-month review hearing, Dominik and Sebastian remained placed in the home of their paternal aunt and were thriving under her care. Neither mother nor father had submitted to any drug tests or participated in any court ordered programs. Both parents often missed their scheduled visits with the children.

Father testified at the contested six-month review hearing that he would "try my best" if the juvenile court were to grant him an additional six months of family reunification services. At the conclusion of the hearing reunification services were terminated for both parents and the matter was set for a section 366.26 hearing.[3]

**Section 388 petitions**

Mother and father both filed section 388 petitions. Mother's petition requested return of the children to her custody, or alternatively, reinstatement of family reunification services. In support of her petition, mother stated she had been attending domestic violence counseling since November and had continuously attended substance abuse group counseling. Father's petition requested reinstatement of reunification services and stated that he had enrolled in all court ordered programs and that he shared a significant bond with the children.

---

[3] Both parents filed notices of appeal challenging the termination of their reunification services, which the juvenile court processed as notices of intent to file a writ petition. The juvenile court clerk subsequently informed the parents that their notices of intent were not timely filed, no appellate record would be prepared, and no further action would be taken.

3

**Hearing on section 388 petitions and under section 366.26**

In October 2012, the Department reported that Dominik and Sebastian continued to live with their paternal aunt, who had an approved home study and was willing to adopt them. Mother's visits with the children had decreased significantly, and she had not visited at all in the past few months. Father had visited regularly with the children one to two times per week for two hours per visit. He had not, however, provided the Department with any evidence that he had complied with any court orders or participated in any court ordered programs.

In December 2012, the Department reported that father had been arrested in October for a domestic violence incident involving mother and had spent 12 days in jail. According to father, mother had falsely accused him of domestic violence and he had pleaded no contest because "it was easier." Father said he had been ordered to complete 52 weeks of domestic violence classes, and that he was completing those classes, as well as a parenting program and a drug program with random testing at the Baldwin Counseling Center. He did not provide the Department with any evidence of his enrollment and participation in those programs.

Mother told the Department's social worker that she had been working full time at a Christian book store since the first week of November. She admitted going to see father in October at a hotel where he had been staying. An altercation ensued in which father hit mother in the head, causing her to sustain a concussion.

Because of conflicts between mother and the caregiver, mother's visits had been relocated to the Department's Pomona office. Mother refused to attend visits at the Department's offices, however, and missed all of her scheduled visits since the location change.

At the December 18, 2012 section 366.26 hearing, the juvenile court denied both parents' section 388 petitions, finding that the best interests of the children would not be promoted by the requested changes in court orders. The court further found that returning the children to the parents would be detrimental to the children, that the

children were likely to be adopted, and that adoption was the appropriate permanent plan. The juvenile court then terminated parental rights.

**The instant appeal**

We appointed separate counsel to represent mother and father in this appeal. After examination of the record, counsel for each of the parents filed briefs pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835, indicating an inability to find any arguable issues. We advised mother on April 15, 2013, and father on May 7, 2013, that they had 30 days in which to submit any contentions or arguments they wished us to consider. Mother did not submit any contentions or arguments. Father submitted a supplemental brief in which he argued that his section 388 petition should not have been denied because he had demonstrated a change of circumstance by providing enrollment documents and by making an effort to participate in his case plan. Father argued that the parental exception to terminating parental rights applied in this case because he had visited regularly with the children, had participated in the children's little league baseball games and practices, and had visited Disneyland with the children and the paternal aunt every Sunday and because he and the children shared a substantial bond.

## DISCUSSION

"An appealed-from judgment or order is presumed correct. [Citation.] Hence, the appellant must make a challenge. In so doing, he must raise claims of reversible error or other defect [citation], and 'present argument and authority on each point made' [citations]. If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal. [Citation.] In that event, it may order dismissal. [Citation.]" (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father has established no error in the proceedings below, nor any legal basis for reversal. The record discloses no abuse of discretion by the juvenile court in denying his petition under section 388. (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1228.)

Substantial evidence supports the juvenile court's conclusion that Dominik and Sebastian were adoptable, that adoption was in the children's best interests, and that no exception to terminating parental rights applied.

We accordingly dismiss both mother's and father's appeals.